# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
### NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | * |
| *Plaintiff,* | * |
| v. | *   **Case Number: SAG21-286** |
| | * |
| **KHYLE PAIGE,** | * |
| *Defendant.* | * |
| | * |

## SENTENCING MEMORANDUM

The Defendant, Khyle Paige, is scheduled for sentencing on August 17, 2023, after having pled guilty to conspiracy to distribute and possession with intent to distribute cocaine. The defendant is seeking a variant sentence of probation because of his exemplary work history and his family responsibilities. We believe that such a sentence is sufficient, but not greater than necessary, to comply with the goals of sentencing set forth in 18 U.S.C. § 3553(a).

### PERSONAL BACKGROUND

The defendant was born in Baltimore, Maryland to Stanley Paige and his wife Sherri Paige. The defendant's father was employed as a union laborer but passed away from a fentanyl overdose in 2015. His mother was also employed full time but passed away from COVID-19 in January 2022. The defendant's parents separated when he was nine years, but never divorced. His father's drug use was the main contributing factor to his parents' separation since his mother never used illicit substances.

He was raised in his mother's childhood home with three of his uncles and their families.

Their family home was described as the house other parents would not let their children go to play because of its reputation for drug trafficking. Mr. Paige has a distinct memory that he would be allowed to go to other kid's houses to play, but their parents would not let their children go to his house. He would describe his father was a "functioning heroin addict" who would work during the day and use heroin at night. His uncles had the same problem and would at times ask him for clean urine so they could pass their court ordered drug tests. Besides the constant drug use, significant drug trafficking was also occurring in the home. As described in the PSR this was "normal" for the defendant. As he grew older, he began stealing his uncles' drugs and distributing them at school. Again, distributing drugs was not unusual in his family.

## SUBSTANCE ABUSE ISSUES

The defendant began drinking alcohol in high school. From 17 to 28 years old, the defendant would smoke marijuana on a daily basis. He tried to stop but was unable to until he began his career. Mr. Paige began using cocaine when he was 29 years old. At 30 years of age the defendant started purchasing large quantities of psilocybin and would consume approximately one ounce per week. Since the date of his arrest, he has not used drugs of any type and has had no dirty urines while under Pre-Trial supervision.

## SENTENCING GUIDELINES CALCULATION

The defendant agrees with the guidelines calculations in the Pre-Sentencing Report ("PSR"). Paige is entitled to a two-level decrease based on his acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a); in addition, we anticipate the Government will make a motion under U.S.S.G.§ 3E1.1(b) further reducing Paige's guidelines by one level. PSR, paragraphs 31-32.

The defendant agrees with the Criminal History calculation set forth in the PSR, which concludes that Paige has a criminal history category I. PSR paragraph 36. Paige's advisory

guidelines range is 42 to 57 months. The Government agreed as part of the plea agreement that a variant sentence of no more than 37 months incarceration is sufficient. However, the defendant is not bound by that number and is free to argue for any sentence that we feel is appropriate.

## THE RELEVANT SECTION 3553(a) FACTORS

There are a number of relevant 3553(a) factors we ask the Court to take into consideration. These include the nature and circumstances of the offense, the history and characteristics of the defendant, the need to reflect the seriousness of the crime and promote respect for the law, provide adequate deterrence, protect the public from further crimes of the defendant, the need to provide the defendant with educational and vocational training and the need to avoid unwarranted sentencing disparities.

### Nature and Circumstances of the Offense, the Seriousness of the Offense, and the Need to Protect the Public from Further Crimes of the Defendant and The Need to Afford Adequate Deterrence.

Mr. Paige fully understands that his involvement in the drug trade was wrong and fully takes responsibility for his actions. His involvement came about, like that of many others, through his own drug use, as well as having grown up in an environment where selling drugs was considered normal. Mr. Paige used cocaine and psilocybin and regularly bought from Eric Wilson, one of the co-defendants. This led to him then in turn taking some of the cocaine he bought and reselling in order to fuel his own drug use.

In weighing what is an appropriate sentence we are asking the court to take into consideration his limited role in this case as well as his own addiction problem. We would also ask the court to take into consideration the environment in which he was raised. While there is a legitimate need to promote respect for the law and deter other from selling drugs, we believe it should be tempered with and understanding that Mr. Paige was primarily a user. The experience

of being indicted and pleading guilty to this crime, knowing that incarceration is the likely result, has served as a deterrent to this defendant. For someone who has never been in jail, this case has had a profound impact. With regard to the public, a sentence of one year and one day still gives a message that the court takes the sale of cocaine seriously and serves both as a punishment and a deterrent to others.

### History and Characteristics of the Defendant

Mr. Paige is unlike most defendants who come before the Court. Rarely does counsel have the opportunity to attach such an impressive resume to a sentencing memorandum. Mr. Paige is a professional who works with the installation and maintenance of large-scale HVAC installations. Previously he worked for Johnson Controls here and in Houston, Texas. Among the projects he has worked on are systems at the Howard County Circuit Courthouse, the Social Security Administration in Baltimore, MD, the University of Texas Health Science Center in Houston, TX, Lone Star College in Houston, TX, and Houston Methodist Hospital in Houston, TX.

Upon returning to the Maryland area, Mr. Paige began working at Aerotek doing the same type of work. He has also formed his own logistics company that delivers medical equipment to nursing home facilities and hospitals. He began this company in December 2022, and by the first week of February 2023, he was able to begin turning a profit.

Mr. Paige has been in a relationship with Ariana Handy for the past four years. They have one son, Koa Paige, who is approximately 5 months old at this point. Ariana also has a son, Cai Wilson, age 9, from a previous relationship, who Mr. Paige helps to raise. Mr. Paige treats Cai as if he were his own son.

Mr. Paige has been greatly concerned with the support of his family if he is incarcerated. That is the reason he started his medical delivery business. He has employees and he believes it can continue to operate in his absence and provide his family with income. The degree to which he has planned for the likelihood of his incarceration should help inform the Court of the seriousness by which he takes his responsibilities, as well as this case.

## CONCLUSION

For these reasons, the defendant respectfully submits a period of probation would be sufficient but not greater than necessary to achieve the purposes of sentencing under § 3553(a). It is interesting to note that Mr. Paige was raised in a household where selling drugs was the norm. Except for his mother and grandmother's influence, he did not receive instruction from any male member of the family that there was anything wrong with drug abuse or distribution. Yet despite this inauspicious beginning, Mr. Paige graduated high school, received training in very complex HVAC systems and has made a successful career for himself. He has also stopped using drugs on his own and is a responsible citizen raising a young family. A lengthy prison sentence would have a severe negative impact on his family where he is the primary bread winner. If however the Court decides that a period of incarceration is needed we would respectfully request a one year and one day sentence followed by a period of supervised release.

Respectfully submitted,

Law Offices of Marc G. Hall, P.C.

_____/s/_____
Marc G. Hall
Fed Bar No. 01386
6411 Ivy Lane, Suite 304
Greenbelt, MD 20770
240 205-3041

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a copy of the foregoing Document was electronically delivered, this 3rd day of August 2023 to: The United States Attorney's Office, Baltimore, MD.

                                              /s/
                                      Marc G. Hall