*José A. Molina*

Attorney at Law

219 W. Joppa Road, 2nd fl  
Towson, Maryland 21204

Tele 443-519-5654  
Cell 443-851-7353  
Fax 443-519-5655  
jamolinalaw@gmail.com

May 20, 2025

The Honorable Stephanie A. Gallagher  
United States District Judge for the District of Maryland  
101 West Lombard Street  
Baltimore, Maryland 21201

RE:   <u>United States v. Rigby Dukes</u>;  
        Criminal Case No: 21-CR-00286-SAG

Dear Judge Gallagher:

    Kindly accept this correspondence in support of the arguments and mitigation to be offered on behalf of Mr. Rigby Dukes ("Mr. Dukes") when he appears for his sentencing hearing. At that time, Mr. Dukes will ask your Honor to impose a sentence of 12 months and one day of active incarceration and to impose a period of supervised release of five years in connection with his conviction for a non-violent drug offense.

    On August 6, 2021, Mr. Dukes had his initial appearance in connection with a multi-count, multi-defendant Criminal Indictment related to his participation in a non-violent drug trafficking organization. By agreement, he was ordered detained. ECF 69. Subsequently, on December 2, 2021, Mr. Dukes was released on conditions. ECF 160. Mr. Dukes has remained "on the street" since December 2, 2021. [1]

    In June, 2022, the Government charged Mr. Dukes in a two-count Superseding Information, ECF 217; on June 14, 2022, Mr. Dukes executed a plea agreement in which

---

[1] Because Mr. Dukes has received no credit for this period of incarceration against any other sentence, he should be given credit for prior custody against any sentence imposed on this matter beginning from August 6, 2021 until December 2, 2021: 119 days, or 3 months and 27 days. *See* 18 U.S.C. § 3585(b)(1) and (2).

1

he committed himself to plead guilty to the two counts contained in the Superseding Information: Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances in violation of § 21 U.S.C. § 846 and Possession with Intent to Distribute Controlled Substances in violation of 21 U.S.C. § 841(a)(1), ECF 223; on June 23, 2022, before the Honorable Catherine C. Blake, Mr. Dukes waived his right to be charged by grand jury and entered guilty pleas consistent with the parties' Plea Agreement ("PA"). ECF 220

Regarding the parties' Plea Agreement: "At the time of sentencing, [the Government] agrees to request a sentence of no more than 120 months incarceration, and the Defendant reserves to the right to advocate for a reasonable sentence, period of supervised release, and/or fine considering any appropriate factors under 18 U.S.C. § 3553(a)." PA, ¶9. *See* Federal Rule of Criminal Procedure 11(c)(1)(B).



Mr. Dukes, the Government, and U.S. Probation are in agreement regarding applicable statutory penalties: In connection with Count One and Count Two the maximum statutory penalties are: a maximum of 20 years' active incarceration, a term of supervised release of at least three years and up to life, and a fine not to exceed one million dollars. 21 U.S.C. § 846; 21 U.S.C. § 841(a)(1); 21 U.S.C. § 841(b)(1)(C). *See*

PA, ¶ 3; Presentence Investigation Report ("PSI"), ¶¶ 90, 94, 100, ECF 628, Revised PSI filed May 8, 2025. [2]

Regarding the United States Sentencing Guidelines ("U.S.S.G."), Mr. Dukes agrees with the calculations that are detailed in the Presentence Investigation Report. PSI, ¶¶ 23-33. [3] Further, Mr. Dukes agrees that "[b]ased upon a total offense level of 29 and a criminal history category of VI, the guideline imprisonment range is 151 months to 188 months." PSI, ¶ 91.

Every sentence must be both procedurally and substantively reasonable. *Gall v. United States*, 552 U.S. 38, 51 (2007). For a sentence to be procedurally reasonable, the Court must, among other things, correctly calculate the advisory sentencing guidelines, consider factors listed in 18 U.S.C. § 3553(a), and adequately explain the chosen sentence. *Id.* For a sentence to be substantively reasonable, the sentence imposed must be consistent with the primary mandate and overriding principle of 18 U.S.S.C. § 3553(a) - that is, that the sentence imposed be "sufficient, but not greater than necessary" to comply with the purposes of sentencing in light of the advisory sentencing guidelines and

---

[2] Pursuant to Rule 32 of the *Federal Rules of Criminal Procedure*, undersigned counsel states that Mr. Dukes has read the Presentence Investigation Report, that undersigned counsel has reviewed the Presentence Investigation Report, and that Mr. Dukes and undersigned counsel, together, have reviewed and discussed the Presentence Investigation Report.

[3] The Government too is in agreement, *see* Govt's Memo, pp.1-2. Interestingly, it is my understanding that US Probation employed a different method to determine the applicable Base Offense Level than the method used by the Government. US Probation utilized the nature of the substances, and their respective weights, that were actually seized from Mr. Dukes's residence on April 29, 2021: 174 grams of fentanyl mixed with a cutting agent, 100 grams of fentanyl and cocaine-base, and 11 grams of cocaine-base. *See*, PSI ¶ 15. US Probation then introduced those factors into the converted drug weight calculator found on the U.S.S.G.'s website and applied the converted drug weight product to U.S.S.G. §§2D1.1(a)(5) and (c)(5):
https://guidelines.ussc.gov/apex/r/ussc_apex/guidelinesapp/drug-conversion
The Government used the "more than 5 kilos of cocaine" and the 174 grams of fentanyl mixed with cutting agents that were seized on April 29, 2021 from Mr. Dukes's residence as the applicable factors to determine the Base Offense Level. *See* PA, Attachment A.

3

other sentencing factors listed at 18 U.S.C. § 3553(a)(1)-(7). *Freeman v. United States*, 131 S.Ct. 2685, 2692 (2011).

Furthermore, the Supreme Court has emphasized the need for individualized sentencing, reiterating "the principle that 'the punishment should fit the offender and not merely the crime.'" *Pepper v United States*, 131 S.Ct. 1229, 1240 (2011)(quoting *Williams v. New York*, 337 U.S. 241, 247 (1949)); *see also Miller v. Alabama*, 132 S. Ct. 2455 (2012) ("punishment for crime should be graduated and proportioned to both the offender and the offense").

Mr. Dukes specifically requests this Court's consideration of the "mitigating factors" present in this case when determining whether a sentence of 12 months and one day of active incarceration will result in a sentence that is "sufficient, but not greater than necessary."

Mr. Dukes is 58 years old and ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Mr. Dukes is fearful (reasonably) that while serving out a prison sentence in the harsh environment that constitutes any federal penal institution: inadequate medical services,[4] crowded conditions,[5] the constant concern about being physically violated by other inmates and guards,[6] his overall health condition will deteriorate significantly during the term of his sentence.

Moreover, from Mr. Dukes's perspective, the Government's recommendation of 48 months of active incarceration, if followed, would result in an unwarranted sentencing disparity when compared with the sentence actually served by co-conspirator Eric

---

[4] *See* May Oliva, *I'm a correctional nurse. What goes on behind walls is putting lives at risk*, The San Diego Union Tribune (December 13, 2024) https://www.sandiegouniontribune.com/2024/12/13/opinion-im-a-correctional-nurse-what-goes-on-behind-walls-is-putting-lives-at-risk/

[5] *See* Shannon Heffernan, *Federal Prisons Are Over Capacity – Yet Efforts to Ease Overcrowding Are Ending*, Closing Argument, found at The Marshall Project (January 6, 2024) https://www.themarshallproject.org/2024/01/06/federal-prisons-release-staffing

[6] *See* Jamiles Lartey and Christie Thompson, *How Federal Prisons Are Getting Worse*, Closing Argument, found at The Marshall Project (March 2, 2024) https://www.themarshallproject.org/2024/03/02/senate-federal-prison-senate-deaths

Wilson.[7] ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ The Government has identified Mr. Wilson as one of the main sources of supply for the main target of the investigation in this case. *Id*, at 4. It seems only fair that the sentence imposed on Mr. Dukes should not exceed the sentence actually served by Mr. Wilson ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.[8]

Mr. Dukes has been under continuous federal Pretrial Services supervision since December 2, 2021 and "has complied with all Court ordered conditions of release." PSI, ¶7. He is gainfully employed. The Government recognizes "… the last few years demonstrate that he can be a law-abiding citizen, … ." Govt's Memo, at 3. In other words, Mr. Dukes is precisely where all of us, including Mr. Dukes, want him to be in his life.

---

[7] On or about April 4, 2023, the Court imposed a sentence of 72 months on Mr. Wilson. ECF 314. It appears that Mr. Wilson self-surrendered on or about June 5, 2023; then on January 17, 2025, by grant of Executive Clemency, Mr. Wilson's entire sentence was commuted to 20 months by former US President Biden; *see* ECF 590.

[8] Avoiding unwarranted disparities in sentences is of importance in the world of federal sentencing practice. *See, e.g.,* 18 U.S.C. § 3553(a)(6). *See also*, the opinions of federal judges in the District of Maryland and around the country when assessing the issue of sentencing disparities when that issue is raised in the context of correcting sentencing disparities pursuant to 18 U.S.C. § 3582(c)(1)(A), the 'Compassionate Release" statute. In particular, courts have found that a sentencing disparity with co-defendants, whether imposed at initial sentencing or arising later, may constitute an "extraordinary and compelling reason" in itself for a sentence reduction. *United States v. Payton*, Crim. No. PJM-06-341, 2021 WL 927631, at *2 (D. Md. Mar. 11, 2021) (finding extraordinary and compelling circumstances because of sentencing disparity created by reduction of conspiracy leader's sentence); *see United States v. Stockton*, Crim. No. ELH-99-352, 2021 WL 1060347, at *14 (D. Md. Mar. 17, 2021) (considering sentence reduction of defendant's more culpable brother as a factor that supports reducing defendant's sentence to time served); *United States v. Vaughn*, No. 4:00CR126-CVE, ECF 1282 (N.D. Okla. July 1, 2021) (granting compassionate release based on, among other reasons, the disparity between Vaughn's sentence compared to co-defendants of greater culpability).

Moreover, it seems that a sentence of one-year-and-one-day will provide Mr. Dukes, upon reentry into life outside the walls, with a realistic opportunity to relatively quickly reestablish himself as a law-abiding and productive member of his community. For Mr. Dukes, at his age and with his medical conditions, a very real concern is that after completing nearly 48 uninterrupted months behind the walls achieving a successful reentry will prove to be elusive. In short, he's afraid that a lengthy sentence will cripple his future.

In light of the above, it is reasonable to conclude that a sentence of 12 months and one day of active incarceration will more than adequately fulfill the punitive factor that this Court must consider in determining what will be a just punishment in this case. *See* 18 U.S.C. § 3553(a)(1) ("The court, … shall consider — … the history and characteristics of the defendant;"); *see also* § 3553 (a)(2) (A) ("The court, … shall consider — the need for the sentence imposed — … to provide just punishment for the offense;").

By imposing a sentence of one-year-and-one-day of active incarceration to be followed by a period of supervised release of five years, Your Honor will be fulfilling the overarching statutory obligation to impose a sentence that is "sufficient, but not greater than necessary" to reflect the seriousness of the offense, to provide a just punishment, to serve as a deterrence for others, and to protect the public from other crimes. 18 U.S.C. § 3553(a). *See, e.g.,* <u>Kimbrough v. U.S.</u> 128 S. Ct. 558 (2007); <u>Miller v. Alabama</u>, 132 S. Ct. 2455 (2012); <u>Pepper v. U.S.</u>, 131 S. Ct. 1229 (2011).

Sincerely,

_____

José A. Molina, Esquire


JAM/


Cc: La'Rai Everett, AUSA (*Via* PDF-e-mail)